**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **IRIS MASSO MENDOZA,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 26-CV-3761** |
| | : | |
| **NEW COURTLAND, *et al.*,** | : | |
| **Defendants.** | : | |

**MEMORANDUM**

**MARSTON, J.** **September 30, 2026**

Pro se Plaintiff Iris Masso Mendoza brings this civil action pursuant to Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act ("ADEA"), and the Pennsylvania Human Relations Act ("PHRA"), alleging sexual harassment, hostile work environment, age discrimination, and failure to accommodate her religion. (Doc. No. 2.)[1, 2] She also seeks leave to proceed *in forma pauperis* (Doc. Nos. 1, 7) and moves for appointment of counsel (Doc. No. 3).[3] For the following reasons, the Court will grant Mendoza leave to proceed

---

[1] In her form Complaint, Mendoza was asked to identify the statutes under which she brings her discrimination claims, and she checked only the lines next to Title VII and the PHRA. She left blank the line next to the ADEA. However, the factual narratives in her Complaint and in the attached exhibits suggest Mendoza is asserting a claim for age discrimination, which the Court interprets as a claim under the ADEA.

[2] Mendoza indicates that she is bringing claims for retaliation, race discrimination, and disability discrimination at various points in her Complaint and the attached exhibits (*see* Doc. No. 2 at 4, 7; Doc. No. 2-1 at 2), but she has provided no allegations that support those claims, so the Court does not discuss them further. *See Santos v. Iron Mountain Film & Sound*, 593 F. App'x 117, 119 (3d Cir. 2014) (explaining that to survive a motion to dismiss a plaintiff "cannot merely state that he was discharged due to his national origin" and instead "must plead facts that plausibly connect his national origin to his discharge").

[3] Mendoza also filed a "Motion for Equitable Tolling and Response in Opposition to Defendant's Motion to Dismiss." (Doc. No. 6.) But Defendant has not been served, entered an appearance, or filed a motion to dismiss in this action; and equitable tolling is inappropriate for the reasons discussed below.

*in forma pauperis*, deny the motion for appointment of counsel, and dismiss her Complaint with prejudice.

# I. BACKGROUND[4]

## A. Factual Allegations

Mendoza works for Defendant New Courtland as a recreational therapist. (Doc. No. 2 at 4.) She claims that in August 2025, management changed her work schedule and responsibilities for discriminatory reasons and a coworker made sexually explicit comments to her.

***Work Schedule and Responsibilities.*** First, Mendoza asserts that "[her] work schedule was changed by management, resulting in increasingly demanding shifts, including extended consecutive work days." (*Id.*; Doc. No. 2-1 at 4.) Specifically, Mendoza states that she was made to work 10 days in a row in August 2025. (Doc. No. 2-1 at 4.) After reporting burnout, she worked 8 days in a row in September 2025, but she returned to working 11 days in a row in October 2025. (*Id.*) In addition to changes in her schedule, Mendoza was also assigned additional duties outside of her normal role, including managing residents in the dining room during mealtimes and doing physical labor for an older coworker who was recovering from cancer and could not complete her assigned duties by herself. (*Id.* at 4–5.)

Mendoza states that the schedule changes "significantly increased [her] physical workload" and caused her "severe physical pain," including muscle strain and nerve pain. (Doc. No. 2 at 4–5.) She also alleges that the work schedule imposed by her supervisors interfered with her religious obligations, but she does not identify her religion or describe the obligations

[4] The facts set forth in this Memorandum are taken from Mendoza's Complaint (Doc. No. 2), including the attached exhibits. The Court adopts the pagination assigned to the Complaint by the CM/ECF docketing system. Mendoza names as Defendants: (1) New Courtland d/b/a Germantown Home; (2) Craig Garris, Supervisor of Recreation Therapy; (3) Marquita Smith, Assistant Director of Recreation Therapy; (4) Dameica Rockingham, Administrator; (5) Ruth Wheeler, Director of Nursing; and (6) Migdalia (Dolly) Munoz, Human Resources ("HR"). (Doc. No. 2 at 2–3.)

that were allegedly impeded. (Doc. No. 2-1 at 4.) Mendoza concludes by saying that although she raised the scheduling and workload issues with management, they took no corrective action and instead, Mendoza was "subjected to continuous adverse treatment, including maintaining or increasing the demanding nature of [her] schedule." (*Id*. at 5.)

***Sexual Harassment.*** Next, Mendoza alleges that between August 10 and 28, 2025, she was "subjected to sexual harassment . . . which created a hostile work environment" at the hands of a male coworker, who Mendoza identifies as "Courtney." (Doc. No. 2 at 4; Doc. No. 2-1 at 3.) Mendoza asserts that Courtney "approached [her] on three separate occasions in ways that made [her] feel unsafe, violated, and intimidated." (Doc. No. 2-1 at 3.) In "the most egregious incident," Courtney "whispered a sexual comment in [her] ear, saying 'when are you gonna give me some of that pussy.'" (*Id*. at 3–4.) Mendoza reported his conduct, but instead of receiving support from management, she "was subjected to interrogations that implied [she] was the problem." (*Id*. at 4.) Management also organized a meeting with Mendoza and Courtney, in which Courtney denied the allegations and was not subject to any discipline. (*Id*.)

### B. Procedural History

On December 10, 2025, Mendoza dual-filed a complaint of discrimination against New Courtland with the Pennsylvania Human Relations Committee ("PHRC") and the Equal Employment Opportunity Commission ("EEOC"). (Doc. No. 2-1.) She received a Notice of Right to Sue Letter from the EEOC on February 4, 2026. (*Id.* at 1, 3.) And she filed this lawsuit nearly four months later, on June 1, 2026. (Doc. No. 2 at 1.) Here, Mendoza asserts claims under Title VII, the ADEA, and the PHRA for sexual harassment and hostile work environment, age discrimination, and failure to accommodate her religion. (*Id*. at 3–4.) Mendoza seeks injunctive relief, monetary damages, attorney's fees, and costs. (*Id*. at 7.)

## II. STANDARD OF REVIEW

The Court will grant Mendoza leave to proceed *in forma pauperis* because it appears that she is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 560 U.S. 544, 556 (2007)). At this early stage of the litigation, the Court will accept the facts alleged in the pro se Complaint as true, draw all reasonable inferences in Mendoza's favor, and ask only whether the Complaint contains facts sufficient to state a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197, 204 (3d Cir. 2024).

Because Mendoza is proceeding pro se, the Court construes her allegations liberally. *See Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). And the Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* (quoting *Mala*, 704 F.3d at 245). However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (quoting *Mala*, 704 F.3d at 245). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. This is consistent with the Third Circuit's admonition that an unrepresented litigant "cannot flout procedural rules—they must abide by the same rules that apply to all other litigants." *Mala*, 704 F.3d at 245; *see also Doe v. Allegheny Cnty. Hous. Auth.*, No. 23-1105, 2024 WL 379959, at *3

(3d Cir. Feb. 1, 2024) ("While a court must liberally construe the allegations . . . this does not require the court to act as an advocate to identify any possible claim that the facts alleged could potentially support.").

**III. DISCUSSION**

As noted above, Mendoza appears to assert claims under Title VII, the ADEA, and the PHRA. It is apparent from the face of Mendoza's Complaint, however, that her Title VII and ADEA claims are time-barred.

"A complaint is subject to dismissal for failure to state a claim on statute of limitations grounds only when the statute of limitations defense is apparent on the face of the complaint." *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017); *Dotson v. Galapio*, No. 24-1204, 2024 WL 1736373, at *1 (3d Cir. Apr. 23, 2024) (affirming district court's dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) of excessive force claims as time-barred where the expiration of the statute of limitations was apparent on the face of the complaint). A plaintiff filing a civil action under Title VII or the ADEA must file suit within ninety days of receiving a right-to-sue letter from the EEOC. *See* 42 U.S.C. § 2000e-5(f)(1); *Elkadrawy v. Vanguard Grp., Inc.*, 584 F.3d 169, 173 (3d Cir. 2009) ("Section 2000e–5(f)(1) requires that claims brought under Title VII be filed within ninety days of the claimant's receipt of the EEOC right to sue letter."); *see also* 29 U.S.C. § 626(e) ("A civil action may be brought under this section by a person defined in section 630(a) of this title against the respondent named in the charge within 90 days after the date of the receipt of such notice."); *McCray v. Corry Mfg. Co.*, 61 F.3d 224, 227 (3d Cir. 1995) (recognizing ninety-day statute of limitations). The United States Court of Appeals for the Third Circuit has construed this requirement "to mean that the time for the filing of a complaint begins to run when the plaintiff has notice of the EEOC's decision, which usually occurs on the date he

receives a right-to-sue letter from the agency." *Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236, 239 (3d Cir. 1999); *see also Ebbert v. DaimlerChrysler Corp.*, 319 F.3d 103, 108 (3d Cir. 2003) ("[T]he statute is clear that a dismissal by the EEOC followed by notice to the person aggrieved are the two events that together start the statute of limitations period.").

Mendoza acknowledges that her claims were filed past the 90-day timeline set forth by statute. (*See* Doc. No. 2 at 5; *see generally* Doc. No. 6.) She received the right to sue letter on February 4, 2026, so the deadline to file suit was May 5, 2026. (*See* Doc. No. 2-1 at 1.) But Mendoza did not file her Complaint until June 1, 2026, more than three weeks past the deadline. (*See* Doc. No. 2 at 1.)

The time limitations set forth in Title VII are not jurisdictional and are subject to equitable tolling. *Seitzinger*, 165 F.3d at 239–40 (3d Cir. 1999). "In Title VII cases, equitable tolling is appropriate when the defendant actively misled the plaintiff, when the plaintiff timely, but accidentally, asserted their rights in the wrong forum, or when the plaintiff in some extraordinary way is prevented from asserting their rights." *Taylor v. Computer Scis. Corp.*, No. 20-1848, 2022 WL 2046887, at *2 (D.N.J. June 6, 2022). Mendoza states that "[d]ue to the physical pain, emotional distress, medical treatment, and mental health challenges [she] was experiencing as a result of the events described [in her Complaint] [she] was unable to timely file this action within the 90-day period." (Doc. No. 2 at 5.) In her motion for equitable tolling, she provides additional details, including records of her mental health treatment during this time, which reflect that she was "receiving treatment and counseling for anxiety, depression, panic symptoms, and emotional distress." (Doc. No. 6 at ¶ 7.) She explains that she was experiencing psychological distress and other "family and personal hardships during the same period that impacted her ability to navigate the legal process without counsel," and that she "mistakenly

believed that the deadline to file her Complaint was later than it actually was." (*Id.* ¶¶ 4, 9.) Accordingly, she asks the Court to apply equitable tolling to deem her Complaint timely filed in light of the "extraordinary circumstances" alleged in her pleadings. (Doc. No. 2 at 5.)

Equitable tolling is a "rare remedy to be applied in unusual circumstances." *Wallace v. Kato*, 549 U.S. 384, 396. (2007). "It is appropriate to apply equitable tolling sparingly, with the burden on the plaintiff to demonstrate that the application is warranted; excusable neglect is not acceptable to obtain relief." *Taylor*, 2022 WL 2046887 at *2. Mendoza's allegations do not present extraordinary circumstances to warrant the application of equitable tolling. To justify tolling based on medical reasons, "the medical issues must be severe enough to prevent the plaintiff from timely filing." *Id.* at *3. Mendoza does not allege that her physical injuries prevented her from filing her Complaint, but rather that she was distracted by various personal, medical, and mental health issues and was mistaken as to the filing deadline. (*See generally* Doc. No. 6.) Similarly, to warrant application of equitable tolling, "[a] mental illness must prevent a plaintiff from being capable of managing their own affairs and understanding and acting on their rights." *Taylor*, 2022 WL 2046887, at *3. Mendoza's allegations of mental illness do not suggest that she was incapable of managing her own affairs and understanding and acting on her rights, but only that they "impacted her ability to navigate the legal process without counsel" and contributed to her making a mistake as to the filing deadline. (Doc. No. 6 at 2 ¶ 9.)

Although the Court feels for Mendoza, the mere fact that she suffered from physical or mental health conditions that caused her additional challenges as a pro se litigant is not by itself sufficient to justify equitable tolling. *See, e.g., Horne v. Tennis*, No. 09-1562, 2011 WL 221725 (E.D. Pa. Jan. 20, 2011) (finding that the plaintiff's paranoid schizophrenia, which was confirmed by a letter from his treating psychologist, was insufficient to find him incompetent or

incapable to timely file and did not warrant equitable tolling); *Hedges v. United States*, 404 F.3d. 744, 753 (3d Cir. 2005) (finding that the plaintiff's depression and pro se status were insufficient to justify equitable tolling); *Patnaude v. Gonzales*, 478 F. Supp. 2d 643, 648–49, (D. Del. 2007) (finding that alleged, but undiagnosed, anxiety and depression, coupled with stress induced from accusations from the FBI and a divorce, were insufficient to justify equitable tolling).

Accordingly, Mendoza's Title VII and ADEA claims are time-barred and must be dismissed with prejudice. Having dismissed Mendoza's federal claims, the Court declines to exercise supplemental jurisdiction over Mendoza's PHRA claims,[5] which will be dismissed without prejudice to Mendoza's right to pursue those claims in an appropriate state court.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Mendoza leave to proceed *in forma pauperis* and dismiss the Complaint. The federal claims are dismissed with prejudice as time-barred and the state law claims are dismissed without prejudice for lack of jurisdiction. The motion for equitable tolling will also be denied, and the motion for appointment of counsel will be dismissed as moot. An appropriate order follows.

[5] Mendoza's Complaint does not purport to rest on this Court's original diversity jurisdiction, and even if it did, Mendoza has failed to allege complete diversity. To the contrary, she provides a Pennsylvania address for herself and Defendant New Courtland. (Doc. No. 2 at 2.)